IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

No. 19-270 T
(Senior Judge Victor J. Wolski)

ALAN C. DIXON,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

_____

DEFENDANT'S ANSWER AND ADDITIONAL DEFENSE

_____

As its answer to the amended complaint, defendant, the United States, denies each and every allegation of the complaint that is not admitted below.

Defendant further:

1.   Admits that this is an action to recover taxes and interest for plaintiff's 2013 and 2014 tax years.  Denies that the taxes (and interest thereon) were "erroneously" or "wrongfully" paid, assessed, or collected, and denies that plaintiff is entitled to any recovery.  Further admits that jurisdiction, to the extent it exists in this case, would be predicated on 28 U.S.C. § 1491.

2.   States that the allegations contained in paragraph 2 constitute legal argument or legal conclusions to which no response is required, and further states that, to the extent the allegations contained in paragraph 2 are construed as factual allegations, defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged.

1

3.   States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 3, except admits that plaintiff is Alan C. Dixon.  Further states that the terms "relevant times," "current" and "tax filings" are vague and ambiguous.

4.   States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 4.

5.   Admits.

6.   States that the allegations contained in paragraph 6 constitute legal argument or legal conclusions to which no response is required.  To the extent the allegations contained in paragraph 6 are construed as factual allegations, defendant denies the allegations contained therein and avers that Treasury Regulation § 301.7701-2 is the best evidence of its contents.

7.   States that the allegations contained in paragraph 7 constitute legal argument or legal conclusions to which no response is required.  To the extent the allegations contained in paragraph 7 are construed as factual allegations, defendant denies the allegations contained therein and avers that Article 23 of the Convention Between the Government of the United States of America and the Government of Australia for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, signed on August 6, 1982, is the best evidence of its contents.

8.   States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 8, except admits that plaintiff is Alan C. Dixon, and denies that plaintiff is the CEO and managing member of Dixon Advisory, USA.

9.   States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 9.  Further states that the terms "current" and "tax filings" are vague and ambiguous.

10.  States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 10, except avers that, with respect to the 2013 tax year, plaintiff filed with the IRS a Form 1040, U.S. Individual Income Tax Return, on October 23, 2014; and with respect to the 2014 tax year, plaintiff filed with the IRS a Form 1040, U.S. Individual Income Tax Return, on October 13, 2015.  States that the term "timely" is a legal conclusion to which no response is required.  Admits that Exhibits A, B, and C are attached to the complaint, avers that Exhibits A, B, and C appear to be Forms 1040, U.S. Individual Income Tax Returns, for plaintiff's 2012, 2013, and 2014 tax years, but denies that Exhibits A, B, and C are copies of the returns that were filed with the IRS.

11.  States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 11, except avers that, with respect to the 2013 tax year, plaintiff reported on his U.S. income tax return a total tax liability of $658,985; and with respect to the 2014 tax year, plaintiff reported on his U.S. income tax return a total tax liability of $2,131,553.

12.  Denies the allegations contained in the first sentence of paragraph 12.  States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in the second sentence of paragraph 12.

13.  States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in the first sentence of paragraph 13, and states that the term "needed" is

vague and ambiguous.  States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in the second sentence of paragraph 13, except denies that Dixon Advisory Group Pty Ltd ("DAG") was "properly" classified as a partnership for U.S. tax purposes.  States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in the third sentence of paragraph 13, and further states that the terms "approved" and "[p]laintiff's form" are vague and ambiguous, but denies that the IRS "approved" the treatment of DAG as a partnership for U.S. tax purposes, and denies that the IRS "approved" the Form SS-4.  Admits that Exhibit D is attached to the complaint, and avers that Exhibit D appears to be a copy of a Form SS-4, Application for Employer Identification Number, for the Dixon Advisory Group Pty Ltd.  Further states that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in Exhibit D, except denies that plaintiff is entitled to treat DAG as a partnership for U.S. tax purposes.

14. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in the first sentence of paragraph 14, except states that the term "accepted" is vague and ambiguous, and denies that the IRS "accepted" the Form SS-4.  Further denies that DAG's "taxable status" was "corrected."  Denies the allegations contained in the second sentence of paragraph 14.  To the extent the allegations contained in the second sentence of paragraph 14 constitute legal argument or legal conclusions, no response is required.

15. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in the first sentence of paragraph 15, except admits that Exhibit E is attached to the complaint, and avers that Exhibit E appears to be a copy of a 2012 Form 1040X, Amended U.S. Individual Income Tax Return.  Further states that the allegations contained in

4

Exhibit E constitute legal arguments, or legal conclusions, or plaintiff's characterization of the legal basis of this suit, to which no response is required.  To the extent the allegations contained in Exhibit E constitute factual allegations, defendant denies them.  Further states that the term "timely" is a legal conclusion to which to response is required.  As to the second sentence of paragraph 15, states that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, except states that the term "approved" is vague and ambiguous.

16.    States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 16, except avers that the IRS received a Form 1040X for plaintiff's 2013 tax year, claiming a refund in the amount of $137,656, on or about August 11, 2017; and the IRS received a Form 1040X for plaintiff's 2014 tax year, claiming a refund in the amount of $1,588,653, on or about August 11, 2017.  Admits that Exhibits F and G are attached to the complaint, avers that Exhibits F and G appear to be Forms 1040X, Amended U.S. Individual Income Tax Returns for plaintiff's 2013 and 2014 tax years, but denies that Exhibits F and G are copies of the amended returns that were filed with the IRS.  Further states that the allegations contained in Exhibits F and G constitute legal arguments, or legal conclusions, or plaintiff's characterization of the legal basis of this suit, to which no response is required.  To the extent the allegations contained in Exhibits F and G constitute factual allegations, defendant denies them.  Further states that the term "timely" is a legal conclusion to which no response is required.

17. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in the first sentence of paragraph 17, except admits that the IRS assessed additional taxes against plaintiff for the 2013 tax year on August 23, 2017.  Admits that Exhibit

H is attached to the complaint, avers that Exhibit H appears to be a copy of a Notice of Tax Due on Federal Tax Return.  States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in the second sentence of paragraph 17, except states that the term "required" is a legal conclusion to which no response is required.

18. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 18, except states that the term "proper documentation" is vague and ambiguous.

19. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in the first and second sentences of paragraph 19, except admits that Exhibit I is attached to the complaint, avers that Exhibit I appears to be a copy of an IRS Notice CP501, which is dated February 12, 2018, and denies that Exhibit I is a "Notice of Deficiency." Avers that, on August 23, 2017, the IRS assessed additional taxes in the amount of $161,447, and interest on the taxes in the amount of $19,609.56; and on August 6, 2018, the IRS assessed a failure to pay penalty in the amount of $6,429.65, and interest on the penalty in the amount of $4,785.35.  With respect to the third sentence of paragraph 19, states that the phrase "entire amount of the deficiency" is vague and ambiguous, admits that the complaint seeks to recover $189,329.96, but denies that plaintiff is entitled to any recovery.

20. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in the first sentence of paragraph 20, except admits that Exhibit J is attached to the complaint, and avers that Exhibit J appears to be a copy of an IRS letter dated May 9, 2018, which stated that plaintiff's federal tax return for the tax period ending December 31, 2014, was selected for examination.  States that it lacks knowledge or information sufficient

to form a belief as to the truth of the matters alleged in the second, third, and fourth sentences of paragraph 20.

21. Denies the allegations contained in paragraph 21, and avers that, on May 10, 2018, John Castro sent to IRS Revenue Agent, Anton Pukhalenko a fax, which contained a cover letter, a Form 1040X for plaintiff's 2013 tax year, a Notice of Tax Due on Federal Tax Return, a Nevada Law Journal Forum Article written by John Castro on the "U.S. Tax Treatment of Australian Superannuation," and an IRS Form SS-4.  Further denies that the Form 1040X that was faxed to Agent Pukhalenko on May 10, 2018, is a copy of the Form 1040X that was filed with the IRS, and denies that the faxed documents "support the adjustments" made on the 2013 Form 1040X for plaintiff's 2013 tax year.

22. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 22, except admits that, on April 15, 2018, the IRS applied an overpayment credit in the amount of $192,271.56 from plaintiff's 2017 tax year toward plaintiff's outstanding liabilities for the 2013 tax year.

23. Denies the allegations contained in paragraph 23, and avers that, on July 13, 2018, John Castro sent Agent Pukhalenko a "First Reply to Information Document Request" with respect to plaintiff's 2014 tax year.  Denies that John Castro provided "the additional information" that Agent Pukhalenko requested.

24. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 24.

25. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 25.

26. States that the matters alleged in paragraph 26 constitute legal argument or legal conclusions, or plaintiff's characterization of the legal basis of this suit, to which no response is required, except admits that 6 months passed between the date that the 2013 and 2014 Forms 1040X were submitted to the IRS, and the date on which the complaint was filed.

27. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 27, except states that the terms "approved" and "identical" are vague and ambiguous.

28. States that the matters alleged in paragraph 28 constitute legal argument or legal conclusions, or plaintiff's characterization of the legal basis for this suit, to which no response is required.

29. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 29.

30. Admits that this is an action to recover taxes and interest, but states that it lacks knowledge or information sufficient to form a belief as to whether "plaintiff[]" initiated this present action, further states that the term "plaintiffs" is vague and ambiguous because there is only one named plaintiff in this case, and denies that the complaint's demand for recovery of $189,329.96 (see amended complaint ¶ 19) is an action to recover a "tax refund."

31.    Defendant incorporates its responses to the allegations contained in paragraphs 1 through 30 as if fully stated herein.

32. Denies the allegations contained in paragraph 32, and states that 28 U.S.C. § 1346 is not part of the Internal Revenue Code (26 U.S.C.).

33. Admits that the complaint seeks recovery of taxes for the 2013 tax year in the amount of $326,985.96.  Denies that the taxes were "erroneously assessed"; that, with respect to the complaint's demand for recovery of $189,329.96, this is an action to recover a "tax refund"; that $137,656 is "allowed by law"; and that plaintiff is entitled to any recovery.

34. Admits that the complaint seeks recovery of taxes for the 2014 tax year in the amount of $1,588,653, but denies that recovery is "allowed by law," and that plaintiff is entitled to any recovery.

35. Admits that the complaint seeks recovery of interest, but denies that plaintiff is entitled to any recovery.

36. Admits that the complaint seeks recovery of "attorney's fees and costs incurred in bringing and pursuing this action," but denies that plaintiff is entitled to any recovery.

## **ADDITIONAL DEFENSE**

1. Any potential recovery by plaintiff in this suit must be reduced (offset) by any additional tax liability of plaintiff under the Internal Revenue Code resulting from the Court's determination of the issues raised in the complaint.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice, with costs assessed against plaintiff, along with such other relief that the Court deems appropriate.

Respectfully submitted,


September 13, 2019                       *s/Courtney M. Hutson*
                                        COURTNEY M. HUTSON
                                        Trial Attorney
                                        Justice Department (Tax)
                                        Court of Federal Claims Section
                                        P.O. Box 26

Ben Franklin Station
Washington, D.C. 20044
(202) 616-2004
Fax: (202) 514-9440
courtney.m.hutson@usdoj.gov

RICHARD E. ZUCKERMAN
  Principal Deputy Assistant Attorney General
DAVID I. PINCUS
  Chief, Court of Federal Claims Section
MARY M. ABATE
  Assistant Chief, Court of Federal Claims Section

*s/Mary M. Abate*
Of Counsel