IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

No. 19-270 T

(Judge Richard A. Hertling)

ALAN C. DIXON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

_____

MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS THE COMPLAINT

_____

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

DAVID I. PINCUS
MARY M. ABATE
COURTNEY M. HUTSON
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C.  20044
(202) 616-2004
(202) 514-9440 (facsimile)
Courtney.M.Hutson@usdoj.gov

# TABLE OF CONTENTS

**Page(s)**

Memorandum in Support of United States' Motion to Dismiss the Complaint ............................ 1

Questions Presented ................................................................................................................. 2

Statement of the Case ............................................................................................................... 2

Background .............................................................................................................................. 3

    A. Complaint ...................................................................................................................... 4

    B.  Administrative Activities ............................................................................................. 5

        1.  Original Income Tax Returns ...................................................................................... 5

        2.  Form SS-4 .................................................................................................................. 5

        3.  Form 2848 .................................................................................................................. 6

        4.  2013 Amended Return ................................................................................................ 7

        5.  2014 Amended Return ................................................................................................ 8

    C.  Signature Issues ............................................................................................................ 10

        1.  Signatures of Alan C. Dixon ...................................................................................... 10

        2.  Signatures where Alan C. Dixon *should have* signed, but where John
           Anthony Castro instead signed .............................................................................. 11

        3.  Signatures of John Anthony Castro ........................................................................... 13

i

**Page(s)**

Argument ................................................................................................................. 15

  I. Legal Background ................................................................................................ 15

II.  The Court Lacks Jurisdiction Because Plaintiff Did Not Sign the 2013 and
    2014 Refund Claims On Which He Bases This Suit ...................................... 18

      A.  The 2013 and 2014 Amended Returns Were Not Valid Because They
        Were Not Signed  by Plaintiff and Were Not Accompanied by a Valid
        Power of Attorney……….……………………………………………...…18

      B.  Even If the Form 2848 Had Accompanied the 2013 and 2014 Amended
        Returns, and Even If the Form 2848 *Were* Valid, the Form 2848 Did Not
        Provide Evidence That John Castro Was Authorized to Sign Dixon's
        Amended Returns ................................................................................. 20

III.  The Court Separately Lacks Jurisdiction Over Plaintiff's Complaint for
    $189,329.96 in Additional Taxes, Penalties, and Interest for the 2013 Tax
    Year That Plaintiff Paid After Castro & Co. Filed the 2013 Amended Return
    Because Plaintiff Did Not File a Claim For Refund of Those Taxes *At All* ............... 21

Conclusion ................................................................................................................. 22

Appendix:

Def. Exhibit 1, 2013 Form 1040X, Amended U.S. Individual Income Tax Return

Def. Exhibit 2, 2014 Form 1040X, Amended U.S. Individual Income Tax Return

Def. Exhibit 3, 2013 Form 1040, U.S. Individual Income Tax Return

Def. Exhibit 4, 2014 Form 1040, U.S. Individual Income Tax Return

Def. Exhibit 5, Form SS-4, Application for Employer Identification Number

Def. Exhibit 6, Form 2848, Power of Attorney and Declaration of Representative

Def. Exhibit 7, Instructions to Form 2848

Def. Exhibit 8, 2013 IRS Form 4340, Certificate of Assessments, Payments, and Other Specified
Matters

**Page(s)**

Appendix (continued)

Def. Exhibit 9, 2014 IRS Form 4340, Certificate of Assessments, Payments, and Other Specified Matters

Def. Exhibit 10, Information Document Request

Def. Exhibit 11, Fax from John Castro to Revenue Agent Anton Pukhalenko, May 10, 2018

Def. Exhibit 12, Letter from John Castro to Revenue Agent Anton Pukhalenko, July 13, 2018

Def. Exhibit 13, Fax from John Castro to IRS, February 25, 2019

Def. Exhibit 14, Letter from The Florida Bar to John Castro, July 16, 2018 (filed in *Castro v. Berg et al.*, N.D. Tex. Case No. 3:18cv573-N, Dkt. 15-3 (Aug. 16, 2018))

Def. Exhibit 15, Letter from the Florida Bar to IRS Office of Professional Responsibility, October 21, 2016 (filed in *Castro v. Berg et al.*, N.D. Tex. Case No. 3:18cv573-N, Dkt. 15-4 (Aug. 16, 2018))

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anuforo v. Comm'r*,
No. 05-cv-2156, 2007 WL 2695805 ..........................................................16, 17

*Bartley v. United States*,
123 F.3d 466 (7th Cir. 1997) ..........................................................................17

*Cooper v. United States*,
123 Fed. Cl. 226 (2015) ...................................................................................2

*Davis v. United States*,
43 Fed. Cl. 92 (1999) .......................................................................................3

*Earnest v. United States*,
33 Fed. Cl. 341 (1995) ....................................................................................16

*Martti v. United States*,
121 Fed. Cl. 87 (2015) ....................................................................................22

iii

Page(s)

**Cases (continued):**

*Estate of Oldham v. Campbell*,
    217 F. Supp. 819 (N.D. Tex. 1963) ....................................................17, 18, 19

*Overton v. United States*,
    No. CIV-99-1518-L, 2001 WL 1399379 (W.D. Okla. Sept. 14, 2001),
    *aff'd* 48 F. App'x 295 (10th Cir. 2002)............................................................17

*Pryde v. United States*,
    No. 15-878T, 2017 WL 6397828 (Fed. Cl. Dec. 15, 2017)................................3

*Rainbow Elec. Co. v. United States*,
    536 F. Supp. 176 (D. Mont. 1982)...................................................................17

*Reynolds v. Army & Air Force Exch. Serv.*,
    846 F.2d 746 (Fed. Cir. 1988)........................................................................15

*Stelco Holding Co. v. United States*,
    42 Fed. Cl. 101 (1998)....................................................................................15

*Sun Chem. Corp. v. United States*,
    698 F.2d 1203 (Fed. Cir. 1983).........................................................................2

*United States v. Dalm*,
    494 U.S. 596 (1990).......................................................................................15

*Waltner v. United States*,
    98 Fed. Cl. 737 (2011), *aff'd*, 679 F.3d 1329 (Fed. Cir. 2012)........................22

*Wilson v. United States*,
    No. 18-408T, 2019 WL 988600 (Fed. Cl. Feb. 27, 2019) ...............16, 17, 19, 20

**Statutes:**

Internal Revenue Code of 1986 (26 U.S.C.):

    § 6532.............................................................................................................16

    § 7422............................................................................................... *passim*

    § 7601..............................................................................................................9

**Page(s)**

**Other Authorities:**

Rules of the United States Court of Federal Claims Rule 12 .............................................1, 22

Treas. Reg. (26 C.F.R.):

§ 301.6402-2(b) ............................................................................................ *passim*

§ 601.503 ..........................................................................................16, 18, 20

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

————————

No. 19-270 T

(Judge Richard A. Hertling)

ALAN C. DIXON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

————————

## MEMORANDUM IN SUPPORT OF UNITED STATES'
## MOTION TO DISMISS THE COMPLAINT

————————

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (Rules(s) or RCFC), defendant, the United States, respectfully moves this Court for an order dismissing the complaint.  This Court lacks subject matter jurisdiction over the complaint, which seeks the refund of federal income taxes for the 2013 and 2014 tax years, because plaintiff Alan C. Dixon did not sign the 2013 and 2014 administrative claims for refund on which he bases this suit, and thus the administrative claims for refund are not valid for purposes of establishing jurisdiction under Internal Revenue Code § 7422.  Additionally, the Court separately lacks subject matter jurisdiction over Dixon's complaint for recovery of $189,329.96 in additional taxes and penalties (and interest thereon) that were assessed and collected for the 2013 tax year after the 2013 refund claim was submitted to the IRS, because no administrative claim for refund of those taxes was filed *at all*.  Accordingly, the complaint must be dismissed.

1

## QUESTIONS PRESENTED

1.      Whether the 2013 and 2014 amended returns on which plaintiff bases his refund suit fail to establish the Court's jurisdiction under I.R.C. § 7422 where those amended returns are invalid under Treas. Reg. § 301.6402-2(b) because they are not signed by plaintiff, Alan C. Dixon, under the penalties of perjury?

2.      Whether, with respect to the 2013 tax year, the Court lacks jurisdiction under I.R.C. § 7422 over plaintiff's complaint for a refund of income taxes and penalties (and interest thereon) in the additional amount of $189,329.96, where no administrative claim for refund of those taxes and penalties was filed *at all*?

## STATEMENT OF THE CASE

This is a tax refund suit.  Plaintiff, Alan C. Dixon, seeks the refund of federal income taxes for the 2013 and 2014 tax years in the amounts of $326,985.96 and $1,588,653, respectively, alleging an entitlement to foreign tax credits on taxes allegedly paid by an Australian corporation to Australia.  The Internal Revenue Code sets forth certain requirements that a taxpayer must satisfy before he may sue for a refund in court.  A taxpayer may not "maintain[] in any court" a "suit or proceeding . . . for the recovery of any internal revenue tax" unless he first "duly files" a "claim for refund or credit . . . with the [Treasury] Secretary." § 7422(a).

To be "duly file[d]" means to be filed "according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."  § 7422(a).  *See Cooper v. United States*, 123 Fed. Cl. 226, 231–32 (2015) (to be "duly filed," the refund claim must be filed in accordance with Treas. Reg. § 301.6402-2(b)(1)); *see also Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("[A] timely, *sufficient* claim for refund is a

2

jurisdictional prerequisite to a refund suit." (emphasis added)).  *Inter alia*, the administrative

claim for refund "must be verified by a written declaration that it is made under the penalties of

perjury."  Treas. Reg. § 301.6402-2(b)(1).  Plaintiff failed to meet these requirements.  He did

not verify, under the penalties of perjury, the 2013 and 2014 refund claims on which he bases

this refund suit.  Accordingly, plaintiff has failed to satisfy the jurisdictional prerequisites for

maintaining a refund suit.

Separately, plaintiff's complaint for a refund of $189,329.96 in additional taxes and

penalties (and interest thereon) for the 2013 tax year must be dismissed because plaintiff never

filed an administrative claim for refund of those taxes and penalties after he paid them.

Accordingly, the Court lacks jurisdiction over the complaint, and the complaint must be

dismissed.

## BACKGROUND

The following is based on the allegations in the complaint, which the United States

accepts as true for the purposes of this motion only; on IRS Forms 4340, IRS Certificates of

Assessments, Payments, and Other Specified Matters, for Alan Dixon for U.S. Individual Income

Tax Returns for the Tax Periods Ending December 31, 2013, and December 31, 2014;[1] and on

documents from the Internal Revenue Service's (IRS) administrative files.

---

[1] The IRS's certified account transcripts are presumed correct.  *See Pryde v. United States*, No.
15-878T, 2017 WL 6397828, at *16 (Fed. Cl. Dec. 15, 2017) ("The Court presumes that the
IRS's certified transcripts are 'true, accurate, and correct.'") (citing *Davis v. United States*, 43
Fed. Cl. 92, 94 (1999)).

A. <u>Complaint</u>

The complaint was filed on February 19, 2019, and the amended complaint was filed on July 24, 2019.[2]  (*See* Orig. Compl., Dkt. 1; Am. Compl., Dkt. 15.)  The complaint seeks the refund of federal income taxes for the 2013 and 2014 tax years in the amounts of $326,985.96 for the 2013 tax year, and $1,588,653 for the 2014 tax year.  (Am. Compl. ¶¶ 33, 34.)  The complaint identifies one factual and legal theory of recovery, namely, that plaintiff is entitled to take a foreign tax credit on taxes allegedly paid by the Australian entity, Dixon Advisory Group Pty Ltd, in Australia.  (Am. Compl. ¶¶ 13, 14.)

For the 2013 tax year, the complaint seeks to recover two separate portions of tax.  First, the complaint seeks to recover taxes in the amount of $137,656, which amount was requested to be refunded on the 2013 amended return.  (Am. Compl. ¶¶ 16, 33.)  Second, the complaint seeks to recover $189,329.96 in additional income taxes and penalties (and interest thereon) that were assessed and paid *after* the 2013 refund claim was filed.  (*Id.* ¶¶ 19, 22, 33.)  For the 2014 tax year, the complaint seeks to recover those taxes that were requested to be refunded on the 2014 amended return.  (Am. Compl. ¶¶ 16, 34.)

Attached to the complaint as Exhibits F and G are what purport to be plaintiff's 2013 and 2014 amended returns, Forms 1040X, Amended U.S. Individual Income Tax Returns.  (*See* Am. Compl. ¶ 16 & Exs. F, G.)  Exhibits F and G, however, are not the versions of the amended returns that were submitted to the IRS, as they do not contain signatures, and they appear to be file copies.  (*See* Am. Compl. Ex. F, at 4; Ex. G, at 4.)  The IRS's administrative files contain copies of the 2013 and 2014 amended returns that were submitted to the IRS on or around April

---

[2] Unless otherwise specified, all textual references to the "complaint" are to the amended complaint filed on July 24, 2019.  The amended complaint is cited as "Am. Compl."

11, 2017.  (Def. Ex. 1,[3] 2013 Form 1040X; Def. Ex. 2, 2014 Form 1040X; *see also infra* Section B.)  Those copies contain signatures, although, as discussed below, they are not the signatures of plaintiff, Alan C. Dixon, but are instead those of John Anthony Castro, preparer of the amended returns.  (*See* Def. Ex. 1, at 4; Def. Ex. 2, at 3; *infra* Section C.)

B.  Administrative Activities

1.  Original Income Tax Returns

Plaintiff filed his original 2013 and 2014 income tax returns, Forms 1040, U.S. Individual Income Tax Returns, with the IRS, on or around October 23, 2014, and October 13, 2015, respectively.  (Def. Ex. 3, 2013 Form 1040 (the "2013 original return"); Def. Ex. 4, 2014 Form 1040) (the "2014 original return").).  The original 2013 and 2014 tax returns were both prepared by Ruhel Davi at PricewaterhouseCoopers, and were signed under the penalties of perjury by plaintiff Alan C. Dixon.  (*See* Def. Ex. 3, at 3; Def. Ex. 4, at 5.)[4]

2.  Form SS-4

On February 8, 2016, Castro & Co. faxed to the IRS a Form SS-4, Application For Employer Identification Number (EIN), purporting to request an Employer Identification Number ("EIN") for the Dixon Advisory Group Pty Ltd. (hereinafter, the "Form SS-4"), on Alan Dixon's behalf.  (Def. Ex. 5, Form SS-4.)  As discussed in Section C, *infra*, however, the Form SS-4 was not signed by Dixon, but was signed by John Castro.  (*See id.*)

---

[3] Unless otherwise specified, all references to "Def. Ex." are to the Defendant's Exhibits attached hereto in support of this motion to dismiss.  All references to page numbers in Defendant's Exhibits are to the stamped exhibit page numbers appearing at the bottom of the page.

[4] The complaint purports to attach copies of plaintiff's original 2013 and 2014 tax returns as Exhibits B and C.  (*See* Am. Compl. ¶ 10.)  As with the amended returns, however, Exhibits B and C are not the versions that were submitted to the IRS because they do not contain signatures and they appear to be file copies.  The versions attached to this motion as Defendant's Exhibits 3 and 4, are the versions that are signed by Alan C. Dixon and were received by the IRS on October 23, 2014, and October 13, 2015, respectively.

3. Form 2848

On January 12, 2017, Castro & Co. faxed to the IRS a Form 2848, Power of Attorney and Declaration of Representative.  (Def. Ex. 6, Form 2848, hereinafter the "Form 2848").  The Form 2848 *purported* to give John Anthony Castro authority to represent plaintiff, Alan C. Dixon, before the IRS, and to perform the following acts on Dixon's behalf, for the 2009 through 2017 tax years:

> To receive and inspect [Dixon's] confidential tax information and to perform acts that [Dixon] can perform with respect to [Dixon's income tax years 2009-2017]. For example, [Castro] shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

(*Id.* at 4.)  The Form 2848 stated that it "w[ould] not be honored for any purpose other than representation before the IRS."  (*Id.* at 4.)  The Form 2848 identified the following "Tax Form Numbers" over which John Castro purportedly had authority to act: "1040, 1040NR, 1040A, 1040EZ, etc[.]"  (*Id.*)  The Form 2848 did not identify, in Part I, Line 5a, any "additional acts" for which John Castro was authorized to act, and it did not check the box in Part 5a to authorize Castro to "sign a return."  (*Id.*)  The Form 2848 also did not check the box on Part I, Line 4, which, if checked, would have indicated that Castro was authorized to represent Dixon with respect to applications for an EIN.  (Def. Ex. 7, at 5, Instructions to Form 2848, "Line 4, Specific Use Not Recorded on CAF—Applications for EIN.")  But, in any event, the Form 2848 was not valid because, as discussed below in Section C, *infra*, plaintiff, Alan C. Dixon, did not sign the Form 2848.  Rather, John Castro signed it on the "Signature of taxpayer" line, where Dixon should have signed.  (*See* Def. Ex. 6, at 3.)

4.  2013 Amended Return

Castro & Co. submitted plaintiff's 2013 amended return, Form 1040X, Amended U.S.

Individual Income Tax Return, to the IRS on or about April 11, 2017.[5]  (*See* Def. Ex. 1, 2013

Form 1040X; Def. Ex. 8, at 3, IRS Form 4340, Certificate of Assessments, Payments, and Other

Specified Matters, for Alan C. Dixon, for Income Tax Year Ending December 31, 2013; *see also*

Am. Compl. ¶ 16.)  The 2013 amended return claimed a refund[6] in the amount of $137,656,

setting forth the following grounds:

> TAXPAYER NEEDS TO ADD A TREATY POSITION TO EXCLUDE
> INCOME WITHIN HIS AUSTRALIAN PRIVATIZED SOCIAL SECURITY
> FUND, ALSO KNOWN AS AN AUSTRALIAN SUPERANNUATION FUND.
> SEE IRS FORM 8833.
>
> TAXPAYER NEEDS TO REMOVE INCOME UNDER THE U.S-AUSTRALIA
> INCOME TAX TREATY.
>
> TAXPAYER NEEDS TO REMOVE FORMS 8621 ATTRIBUTABLE TO
> ASSETS HELD IN HIS AUSTRALIAN PRIVATIZED SOCIAL SECURITY
> FUND.  AGAIN, SEE IRS FORM 8833.

(Def. Ex. 1, at 5.)  The 2013 amended return was prepared by John Anthony Castro.  (*Id.* at 4.)

As discussed in Section C, *infra*, the 2013 amended return was not signed by plaintiff Alan C.

Dixon, but was signed by John Castro.  (*See id.* at 4.)  The 2013 amended return was not

accompanied by a Form 2848.  (*See generally id.*)

---

[5] There is a discrepancy between the original and the amended complaint as to who "filed" the
amended returns.  Whereas the original complaint alleges that Castro & Co. "filed" the amended
returns, the amended complaint alleges that plaintiff "filed" them.  (*Compare* Orig. Compl. ¶ 12,
*with* Amended Compl. ¶ 16.)  The USPS Priority Mail Express mailing envelope that
accompanied the 2013 amended return, however, identified Castro & Co. as the sender.  (Def.
Ex. 1, at 55.)  In any event, as discussed in detail in this motion, regardless of who "filed" the
amended returns, they were not "duly filed" within the meaning of I.R.C. § 7422 because they
were not verified by the taxpayer, Alan C. Dixon, under the penalties of perjury.

[6] Hereinafter, the terms "amended return," "refund claim," and "Form 1040X" are used
interchangeably.

On August 23, 2017, the IRS made a quick assessment against plaintiff, for the 2013 tax year, of additional income taxes in the amount of $161,447 (plus interest thereon in the amount of $19,609.56).  (Def. Ex. 8, at 4.)  The additional income tax assessment matched the net increase in tax liability that was reported on Line 6 of the 2013 amended return.  (*Compare* Def. Ex. 1, at 2, *with* Def. Ex. 8, at 4.)  Based on the additional tax liability reported,[7] the IRS also assessed a failure-to-pay penalty against plaintiff, for the 2013 tax year, in the amount of $6,429.65, plus additional interest in the amount of $4,785.35.  (*Id.* at 4.)  The IRS did not take any further action on the 2013 amended return: it neither allowed nor disallowed the 2013 refund claimed on the 2013 amended return.  (*See generally id.* (showing no notation concerning further action on the 2013 refund claim).)

Plaintiff fully paid the additional amounts assessed for the 2013 tax year on April 15, 2018, when the IRS applied an overpayment credit attributable to plaintiff's 2017 income tax year, in the amount of $192,271.56, to plaintiff's 2013 outstanding income tax liability.  (*Id.* at 4.)  Thereafter, plaintiff did not file an administrative claim for refund of the additional amounts assessed and paid for the 2013 tax year.  (*See generally id.* (showing no notation of an amended return, or administrative claim for refund, filed after April 15, 2018).)

5. 2014 Amended Return

Castro & Co. submitted plaintiff's 2014 amended return, Form 1040X, Amended U.S. Individual Income Tax Return, to the IRS[8] on or about April 11, 2017.  (*See* Def. Ex. 2, 2014

---

[7] Although the amended return reported additional tax liability of $161,447 on Line 6, it reported additional tax credits of $214,685 on Line 7, and other reductions to income of $84,418 on Line 9, which netted to the claimed refund of $137,656.  (*See* Def. Ex. 1, at 2.)  The IRS did not take any action with respect to those additional line items.  (*See generally* Def. Ex. 8, at 4.)

[8] Again, there is a discrepancy between the original and the amended complaint as to who "filed" the amended returns.  *See supra* note 5.  Just as with the 2013 amended return, the USPS Priority

8

Form 1040X; Def. Ex. 9, at 4, IRS Form 4340, Certificate of Assessments, Payments, and Other

Specified Matters, for Alan C. Dixon, for Tax Period Ending December 31, 2014; *see also* Am.

Compl. ¶ 16.)  The 2014 amended return claimed a refund in the amount of $1,588,653.  (Def.

Ex. 2, at 2; *see also* Am. Compl. ¶ 16.)  The 2014 amended return included the grounds that were

set forth in the 2013 amended return, but also added the following additional ground:

> TAXPAYER NEEDS TO CHANGE DIVIDEND INCOME TO PASSIVE NON-SE BUSINESS INCOME.  INCOME WAS INCORRECTLY REPORTED AS DIVIDENDS.  INCOME CAME FROM AN ENTITY DISREGARDED FOR U.S. FEDERAL INCOME TAX PURPOSES.  TAXPAYER ALSO HAS CERITIFACTE [SIC] OF COVERAGE PURSUANT TO U.S.-AUSTRALIA SOCIAL SECURITY TOTALIZATION AGREEMENT.

(Def. Ex. 2, at 4.)

The IRS initiated an audit of plaintiff's 2014 tax return around May of 2018.  (Am.

Compl. ¶ 20.)  On May 9, 2018, the IRS Revenue Agent assigned to conduct the audit, Anton

Pukhalenko, issued plaintiff an Information Document Request ("IDR") for documents relating

to plaintiff's 2014 tax year.  (Ex. 10, IDR.)[9]

On May 10, 2018, John Anthony Castro sent a letter to Agent Pukhalenko, forwarding a

copy of plaintiff's *2013* amended return (which tax year was not identified in the IDR as part of

the audit).  (Def. Ex. 11, Letter from John Anthony Castro, J.D., L.L.M., International Tax

Attorney,[10] Castro & Co., to Anton Pukhalenko, Revenue Agent, IRS, May 10, 2018.)

---

Mail Express mailing envelope that accompanied the 2014 amended return confirmed that Castro & Co. was the sender of the 2014 amended return.  (*See* Def. Ex. 2, at 54.)

[9] An IDR is a formal written request for information authorized by 26 U.S.C. § 7601.

[10] Although Castro identified himself as an "International Tax Attorney," Castro was (and is) not, in fact, a licensed attorney.  (*See, e.g.*, Def. Ex. 14, July 18, 2016, Letter from Florida Bar Counsel to John Castro (filed in *Castro v. Berg et al.*, N.D. Tex. No. 3:18cv573-N, Dkt. 15-3 (Aug. 16, 2018)); Def. Ex. 15, October 21, 2016, Letter from Florida Bar Counsel to IRS Office of Professional Responsibility (filed in *Castro v. Berg et al.*, N.D. Tex. No. 3:18cv573-N, Dkt. 15-4 (Aug. 16, 2018)).)

Castro sent Agent Pukhalenko another letter on July 13, 2018, purporting to respond to the IDR.  (Def. Ex. 12, Letter from John Anthony Castro, J.D., L.L.M., International Tax Attorney, Castro & Co., to Anton Pukhalenko, Revenue Agent, IRS, July 13, 2018.)  Castro argued, among other things, that "the IRS has gone unchecked for far too long"; and that "[i]f the IRS wants to gamble and risk a flood of amended returns resulting in billions in amended refund claims after we win this case in court, we most certainly invite this opportunity for publicity." (*Id.*)  While the audit was still ongoing, on February 19, 2019, plaintiff, through Castro & Co., filed the complaint in this Court, and on February 26, 2019, Castro forwarded a copy of the complaint to Agent Pukhalenko. (Def. Ex. 13, Fax from Castro & Co., Feb. 26, 2019.)  The IRS did not take any action on the 2014 refund claim.  (*See generally* Def. Ex. 9 (showing no notation concerning action on the refund claim).)

C.  Signature Issues

The 2013 and 2014 amended returns that Castro & Co. submitted to the IRS on April 11, 2017, contain signatures on the lines where plaintiff/taxpayer, Alan C. Dixon, should have signed under the penalties of perjury.  (Def. Ex. 1, at 4; Def. Ex. 2, at 3.)  In reality, however, those signatures are not plaintiff's, but are John Anthony Castro's.  The signatures bear no resemblance to plaintiff's signatures on his 2013 and 2014 original returns, but do bear resemblance to Castro's signatures on the Representative's Signature Line of the Form 2848, and Castro's May 10, 2018, and July 13, 2018, letters to the IRS regarding plaintiff's 2013 and 2014 tax years.  (*Compare* Def. Ex. 3 & 4, *with* Def. Ex. 6, 11 & 12.)

For illustration purposes, the signatures of Alan C. Dixon and John Anthony Castro are described and copied below.  We also discuss the signatures reflected on the Form SS-4 (Def.

Ex. 5), and the Taxpayer's Signature Line of the Form 2848 (Def. Ex. 6), both of which are also

in fact, those of John Anthony Castro, not of Alan C. Dixon.

    1.  Signatures of Alan C. Dixon

    The following documents, relating to plaintiff's 2013 and 2014 tax years, bear the

signatures of plaintiff, Alan C. Dixon.

* The 2013 original return:



(Def. Ex. 3, at 3, 2013 Form 1040);

* The 2014 original return:



(Def. Ex. 4, at 5, 2014 Form 1040).

2. <u>Signatures where Alan C. Dixon *should have* signed, but where John Anthony Castro instead signed</u>

The following documents, relating to plaintiff's 2013 and 2014 tax years, should have contained the signatures of Alan C. Dixon, but instead contain the signatures of John Anthony Castro.

- 2013 amended return:



(Def. Ex. 1, at 4.)

- 2014 Amended Return:



(Def. Ex. 2, at 3.)

- Form SS-4:



(Def. Ex. 5, at 2.)

- Form 2848, *Taxpayer's* Signature Line:



(Def. Ex. 6, at 3.)

3. <u>Signatures of John Anthony Castro</u>

The following documents, relating to plaintiff's 2013 and 2014 tax years, bear the signatures of John Anthony Castro, signing for himself:

- Form 2848, *Representative's* Signature Line:



13

(Def. Ex. 6, at 3.)[11]

- Letter from John Anthony Castro, J.D., L.L.M., International Tax Attorney, Castro & Co., to Anton Pukhalenko, Revenue Agent, Internal Revenue Service, dated May 10, 2018:

Sincerely,

John Anthony Castro, J.D., LL.M.
*International Tax Attorney*
Managing Partner, Castro & Co.

(Def. Ex. 11, at 4.)

- Letter from John Anthony Castro, J.D., L.L.M., International Tax Attorney, Castro & Co., to Anton Pukhalenko, Revenue Agent, Internal Revenue Service, dated July 13, 2018:

Sincerely,

John Anthony Castro, J.D., LL.M.
*International Tax Attorney*
Managing Partner, Castro & Co.

(Def. Ex. 12, at 5.)

---

[11] Castro's signature on the Form 2848 is an *exact* duplicate of Castro's signature on the Form SS-4. (*Compare* Def. Ex. 5, at 2, *with* Def. Ex. 6, at 3.)

14

As shown above, plaintiff, Alan C. Dixon, did not sign the 2013 and 2014 amended returns, the Form 2848, or the Form SS-4.  Only John Castro did.  Accordingly, for the reasons set forth below, plaintiff failed to duly file valid refund claims for the tax years in suit, and the complaint must be dismissed.

## ARGUMENT

This Court lacks subject matter jurisdiction over the complaint.  Plaintiff did not verify, under the penalties of perjury, the 2013 and 2014 amended returns on which he bases his refund suit, and thus, the complaint fails to establish this Court's jurisdiction under I.R.C. § 7422.  Separately, the Court lacks subject matter jurisdiction over plaintiff's claim for recovery of $189,329.96 in additional taxes, penalties, and interest that the IRS assessed and collected after Castro & Co. filed the 2013 administrative claim for refund, because plaintiff did not file an administrative claim for refund of those taxes and penalties after he paid them.

### I.      Legal Background

The United States, as sovereign, may be sued only to the extent that it has by statute consented to suit, and the terms of that consent define the extent of a court's jurisdiction.  *United States v. Dalm*, 494 U.S. 596, 601 (1990).  Plaintiff bears the burden of establishing this Court's jurisdiction by a preponderance of the evidence.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Stelco Holding Co. v. United States*, 42 Fed. Cl. 101, 106 (1998) ("As the party seeking to invoke this court's jurisdiction . . . [plaintiff] has the burden of establishing the indispensable jurisdictional facts by a preponderance of the evidence.") (citing, *inter alia*, *Reynolds*, 846, F.2d at 748)).

In order to sue the United States for a refund of taxes and penalties alleged to have been erroneously assessed and collected, the taxpayer must satisfy two jurisdictional prerequisites.

15

First, the taxpayer must "duly file[]" an administrative claim for refund with the IRS "according to the provisions of law . . . and regulations of the Secretary [of the Treasury] in pursuance thereof." I.R.C. § 7422(a). Second, the taxpayer must wait six months before filing suit (unless the IRS has acted on the claim). I.R.C. § 6532(a)(1).

To be valid for purposes of § 7422, the refund claim must comply with the following requirements:

> The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts *must be verified by a written declaration that it is made under the penalties of perjury*.

Treas. Reg. § 301.6402-2(b)(1). "A claim which does not comply with [paragraph (b)(1)] will not be considered for any purpose as a claim for refund." *Id.* The refund claim can only be verified by someone other than the taxpayer if a "power of attorney . . . accompan[ies] the claim." *Id.* § 301.6402-2(e). The power of attorney must contain a "clear expression of the taxpayer's intention concerning the scope of authority granted to the recognized representative(s)." Treas. Reg. § 601.503(a)(6).

The requirement that the taxpayer verify the refund claim under the penalties of perjury is jurisdictional, and a taxpayer's failure to do so will result in dismissal of the refund suit *See, e.g.*, *Wilson v. United States*, No. 18-408T, 2019 WL 988600 (Fed. Cl. Feb. 27, 2019) (unpublished) (dismissing refund suit for lack of subject matter jurisdiction where the plaintiff's attorney signed the refund claim, but the plaintiff did not); *Earnest v. United States*, 33 Fed. Cl. 341, 344 (1995) (dismissing refund suit where, *inter alia*, the plaintiff's letters to the IRS claiming a refund were not signed under penalties of perjury); *Anuforo v. Comm'r*, No. 05-cv-2156, 2007 WL 2695805, at *3 (D. Minn. Sept. 10, 2007 ("[U]nsigned Forms 843 are not valid claim forms" and thus "cannot satisfy the jurisdictional prerequisite of making a claim to the

16

Secretary six months before initiating a suit in this Court."); *Overton v. United States*, No. CIV-99-1518-L, 2001 WL 1399379, at *4 (W.D. Okla. Sept. 14, 2001) (dismissing refund suit where, *inter alia*, alleged claim for refund "[did] not satisfy the regulatory requirements [for refund claims] as it [did] not contain a declaration that it [was] made under penalties of perjury"), *aff'd* 48 F. App'x 295 (10th Cir. 2002) (affirming district court's dismissal for lack of subject matter jurisdiction because "plaintiff's alleged refund claim was not 'verified by a written declaration that it [was] made under the penalties of perjury,' and thus it could not 'be considered for any purpose as a claim for refund.'"); *Bartley v. United States*, 123 F.3d 466, 468 (7th Cir. 1997) (holding that letter was not a valid refund claim because, *inter alia*, the "representations . . . set out in [the] letter were not made under penalty of perjury, as the regulations also require"); *Rainbow Elec. Co. v. United States*, 536 F. Supp. 176, 177 (D. Mont. 1982) (dismissing a refund suit where plaintiff did not sign or verify the Forms 1120X for the years in suit).

The requirement that a refund claim signed by someone other than the taxpayer be accompanied by an adequate power of attorney is also jurisdictional, and a plaintiff's failure to comply with this requirement will also result in dismissal of the refund suit. *See Estate of Oldham v. Campbell*, 217 F. Supp. 819, 824 (N.D. Tex. 1963) ("There is no question about the fact that the filing of a proper claim for refund is a condition precedent to the filing of this character of suit. . . . It is likewise settled that if the claim is not filed by the taxpayer himself, the person purporting to act for him must file with the Internal Revenue Service an *adequate* power of attorney evidencing his authority to act in the matter." (emphasis added));[12] *cf. Wilson*, 2019

---

[12] In *Estate of Oldham*, 34 heirs of the decedent actually authorized an attorney to file refund claims on their behalf, but he neglected to file powers of attorney with the claims. When the omission was called to his attention, he secured and filed adequate powers of attorney authorizing filing and prosecution of the claims on their behalf from all but five of the heirs. The powers of attorney were filed with the Service, and accepted, well before the Service acted on the claims. The issue before the court, then, came down to whether the powers of attorney, the

WL 988600, at *5 (unpublished) (dismissing refund suit where plaintiff did not demonstrate that his Form 2848 authorized his attorney to sign refund claims on his behalf).

**II.      The Court Lacks Jurisdiction Because Plaintiff Did Not Sign the 2013 and 2014 Refund Claims On Which He Bases This Suit.**

Plaintiff did not verify the 2013 and 2014 amended returns (*i.e.*, the refund claims on which he bases this suit) under the penalties of perjury.  Instead, John Castro "verified" them. But, the amended returns were not accompanied by a valid power of attorney.  And, even if the Form 2848 that Castro sent to the IRS in January 2017 *had* accompanied the amended returns, the Form 2848 did not cure the jurisdictional defect because it was likewise invalid, as it was not signed by plaintiff, but was signed only by John Castro.  Because plaintiff failed to "duly file[]"refund claims for the 2013 and 2014 tax years before filing suit, this Court lacks jurisdiction over the complaint.  I.R.C. § 7422.

**A.  The 2013 and 2014 Amended Returns Were Not Valid Because They Were Not Signed by Plaintiff and Were Not Accompanied by a Valid Power of Attorney.**

As set forth above, a refund claim must be verified by the taxpayer under the penalties of perjury.  Treas. Reg. § 301.6402-2(b)(1).  A claim for refund "may be executed by an agent of the person assessed, *but in such case a power of attorney must accompany the claim*."  Treas. Reg. § 301.6402-2(e) (emphasis added).  The power of attorney must contain a "clear expression of the taxpayer's intention concerning the scope of authority granted to the recognized representative(s)."  Treas. Reg. § 601.503(a)(6).  A claim for refund that does not comply with

---

adequacy of which was not in dispute, were disqualified simply because they had not accompanied the claims.  The district court  concluded in the circumstances that they were not, since they had been filed within "a reasonable time before action on the claim itself."  217 F. Supp. 819, 825.  As for the five heirs from whom adequate powers of attorney were not submitted: "Those five plaintiffs cannot legally maintain a suit for refund of their portion of the taxes in question."  *Id.* at 826.

these requirements does not satisfy the jurisdictional prerequisites for maintaining a refund suit. *See, e.g.*, *Estate of Oldham*, 217 F. Supp. at 824; *cf. Wilson*, 2019 WL 988600, at *5.

Here, plaintiff did not verify, under the penalties of perjury, the 2013 and 2014 amended returns on which he bases his refund suit.  Instead, John Castro "verified" them.  (*See* Def. Ex. 1, at 4; Def. Ex. 2, at 3.)  But, Castro did not disclose that he was signing the amended returns on plaintiff's behalf, such as by signing the amended returns as "Alan Dixon /by John Castro;" nor did he attach a power of attorney that authorized him to sign on plaintiff's behalf.  *See* Treas. Reg. § 301.6402-2(b)(1).  The requirement in Treas. Reg. § 301.6402-2(e), that a refund claim that is verified by someone other than the taxpayer be accompanied by a power of attorney evidencing the agent's authority to sign the refund claim, serves the important purpose of disclosing to the IRS the agency relationship, and specifically, the fact that the refund claim is verified under the penalties of perjury *by someone other than the taxpayer whom the taxpayer has authorized to do so*.  Here, the 2013 and 2014 amended returns failed to do that.  And, even if the 2013 and 2014 amended returns *were* accompanied by the Form 2848 that Castro submitted to the IRS on January 12, 2017 (Def. Ex. 6), that Form 2848 was likewise invalid because it was not signed by Dixon, but, again, was signed by John Castro.  (*See* Def. Ex. 6, at 3.)  Because the amended returns were not verified by Dixon, and because they were not accompanied by a valid power of attorney evidencing authority for John Castro to verify the amended returns on Dixon's behalf, they were not "duly filed" within the meaning of I.R.C. § 7422, and the complaint must be dismissed.

**B. Even If the Form 2848 Had Accompanied the 2013 and 2014 Amended Returns, and Even If the Form 2848 *Were* Valid, the Form 2848 Did Not Provide Evidence That John Castro Was Authorized to Sign Dixon's Amended Returns.**

Even if the 2013 and 2014 amended returns *were* accompanied by the Form 2848, and even if the Form 2848 *were* valid, the Form 2848 still did not give John Castro the authority to sign the amended returns.  A power of attorney must contain a "clear expression of the taxpayer's intention concerning the scope of authority granted to the recognized representative(s)."  Treas. Reg. § 601.503(a)(6).  Here, the Form 2848 did not contain a "clear expression" that plaintiff intended to authorize John Castro to sign amended returns on his behalf.  Treas. Reg. § 601.503(a)(6).  It did not list Form 1040X as a form for which John Castro was authorized to act, nor did it list "amended returns" or "claims for refund" as matters for which Castro could represent plaintiff before the IRS.  (Def. Ex. 6, at 2.)  Further, it did not identify the signing of amended returns as an "additional act" authorized under Part I, Line 5a, nor did it check the box on Line 5a to authorize John Castro to "sign a return" on plaintiff's behalf.  (*Id.*)  Thus, the Form 2848 did not authorize John Castro to sign the 2013 and 2014 amended returns on Dixon's behalf.  *See, e.g.*, *Wilson v. United States*, 2019 WL 988600, at *5.

In *Wilson v. United States*, this Court, in an unpublished opinion, dismissed a plaintiff's refund suit where the plaintiff did not sign the Form 843, Claim for Refund and Request for Abatement, on which he based his refund suit, but instead, his attorney signed in the "Paid Preparer Use Only" section.  2019 WL 988600, at *1.  The attorney attached to the Form 843 a Form 2848, but the Form 2848 did not identify the signing of refund claims as an act that the attorney was authorized to perform on the plaintiff's behalf.  *Id.* at *4-5.  The Court held that the plaintiff failed to establish, by a preponderance of the evidence, that the Form 2848 "is a broad authorization that extends to the signing of a claim for refund."  *Id.* at *5.  The Court found it

20

significant that the Form 2848 requires a taxpayer to "indicate expressly" in Line 5a that his representative is authorized to sign returns, and was not satisfied that the same requirement would not also be true for signing refund claims.  *Id.*  Likewise, here, the Form 2848 required plaintiff to "indicate expressly" in Part I, Line 5a, that John Castro was authorized to sign amended returns.  The Form 2848 at issue here did not so indicate, and thus, it did not confer authority on John Castro to sign the 2013 and 2014 amended returns on plaintiff's behalf. Accordingly, even if the Form 2848 *were* valid, and even if it *had* accompanied the 2013 and 2014 amended returns, it failed to authorize Castro to sign the amended returns.  Thus, the 2013 and 2014 amended returns were invalid, and they fail to establish this Court's jurisdiction under I.R.C. § 7422.

### III.    The Court Separately Lacks Jurisdiction Over Plaintiff's Complaint for $189,329.96 in Additional Taxes, Penalties, and Interest for the 2013 Tax Year That Plaintiff Paid After Castro & Co. Filed the 2013 Amended Return, Because Plaintiff Did Not File a Claim For Refund of Those Taxes *At All*.

In addition to the $137,656 requested to be refunded on the 2013 amended return (which, as discussed in Section II, *supra*, was not "duly filed" for purposes of establishing jurisdiction under I.R.C. § 7422), the complaint also seeks to recover $189,329.96 in additional income taxes, penalties, and interest, that the IRS assessed against plaintiff on August 23, 2017, and that plaintiff paid on April 15, 2018, *after* Castro & Co. filed the 2013 amended return.  (Def. Ex. 8, at 4).  The Court lacks jurisdiction over plaintiff's complaint for these additional assessed income taxes, penalties, and interest, because plaintiff did not file an administrative claim for refund of the additional amounts assessed after paying them.  As discussed in Section I, *supra*, § 7422 requires a taxpayer to "duly file[]" an administrative claim for refund with the IRS in order to maintain a refund suit.  The additional amounts assessed and paid were the result of the self-reporting of additional income tax liability on Line 6 of the 2013 amended return.  (*Compare*

Def. Ex. 1, at 2, *with* Def. Ex. 8, at 4.)  By failing to file an administrative claim for refund of

those taxes, plaintiff did not alert the IRS to the ground upon which he now bases his suit for a

refund of those taxes, nor did he provide the facts sufficient to apprise the IRS of the exact basis

of his claim.  *See* Treas. Reg. § 301.6402-2(b)(1); *see also, e.g.*, *Martti v. United States*, 121 Fed.

Cl. 87, 100 (2015) (Form 1040X submitted prior to payment of the tax was not a claim for refund

for purposes of establishing jurisdiction under § 7422); *Waltner v. United States*, 98 Fed. Cl. 737,

760 (2011) (Court lacked jurisdiction where returns containing only zeros "were not claims upon

which the necessary grounds [under Treas. Reg. § 301.6402-2(b)(1)] to file a claim were

identified"), *aff'd*, 679 F.3d 1329 (Fed. Cir. 2012).  Because plaintiff did not file an

administrative claim for refund after he paid the additional $189,329.96 in taxes, penalties, and

interest, his complaint for recovery of those additional amounts must be dismissed.

## CONCLUSION

For the reasons set forth above, pursuant to RCFC 12(b)(1), defendant respectfully

requests that the Court issue an Order dismissing the complaint without prejudice.  The 2013 and

2014 amended returns on which plaintiff bases his tax refund suit were not verified under the

penalties of perjury by plaintiff, and thus were not "duly filed" for purposes of establishing the

Court's jurisdiction under I.R.C. § 7422.  Further, with respect to the 2013 tax year, plaintiff's

complaint for recovery of $189,329.96 in additional taxes, penalties, and interest, that were

assessed and paid *after* Castro & Co. filed the 2013 amended return, must be dismissed because

plaintiff did not file an administrative claim for refund of those additional taxes, penalties, and

interest, after he paid them.

Respectfully submitted,

November 15, 2019

s/ Courtney M. Hutson
COURTNEY M. HUTSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Tel:  (202) 616-2004
Fax: (202) 514-9440
Courtney.M.Hutson@usdoj.gov

RICHARD E. ZUCKERMAN
  Principal Deputy Assistant Attorney General
  Tax Division
DAVID I. PINCUS
  Chief, Court of Federal Claims Section
MARY M. ABATE
  Assistant Chief, Court of Federal Claims Section

November 15, 2019

s/ Mary M. Abate
Of Counsel